LEELANAU INDIANS, INC., and the Grand Traverse Band of Ottawa and Chippewa Indians, Plaintiffs,

v.

U. S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Defendants.

No. G80–526 CA7.

United States District Court, W. D. Michigan, S.D.

Dec. 23, 1980.

Michigan Indian Legal Services, William Rastetter and Barry Levine, Traverse City, Mich., for plaintiffs.

Mier Wolf, Dept. of HUD, Washington, D.C., for defendants.

OPINION

BENJAMIN F. GIBSON, District Judge.

This is a civil action challenging the termination of an Indian Community Development Block Grant (hereinafter ICDBG) that had been approved by the United States Department of Housing and Urban Development (hereinafter HUD) and awarded to plaintiff Leelanau Indians, Inc. (hereinafter Leelanau) pursuant to Title I of the Housing and Community Development Act of 1974, 42 U.S.C. §§ 5301 et seq., as amended. Plaintiffs seek declaratory and injunctive relief restoring the grant funding and the letter of credit issued pursuant to it. A preliminary injunction sought by plaintiff enjoining defendant from reallocating the funds here involved during the pendency of this lawsuit was issued by this Court on August 19, 1980.

Leelanau submitted a Pre-application in May of 1979 and an Application on November 19, 1979 to HUD for a grant. HUD awarded Leelanau a grant (Grant # B–79–SR-26-2006) on November 19, 1979. A letter of credit was thereupon issued by the defendants in the amount of $211,000. Subsequently, by letter dated April 29, 1980, the funding for plaintiffs' grant was terminated with no prior notice on the ground that neither the grantee Leelanau or the Grand Traverse Band were eligible recipients. Plaintiffs' Pre-application for fiscal year 1980 funds was rejected for the same reason. There apparently is no dispute as to the plaintiffs' need for these funds or the value of the planned use of the grant. Rather, the parties dispute concerns

the legal standards by which a proper determination of eligibility for these grants is to be made under the ICDBG program.

Section 5302(a)(16) sets out the eligibility requirements regarding a recipient's status as an Indian tribe as follows:

The term "Indian tribe" means any Indian tribe, band, group, and nation, including Alaska Indians, Aleuts, and Eskimos, and any Alaskan Native Village, of the United States, which is considered an eligible recipient under the Indian Self-Determination and Education Assistance Act or under the State and Local Fiscal Assistance Act of 1972.

The corresponding interpretive regulation issued by HUD states:

"Indian Tribe" means any Indian tribe, band, group and nation, including Alaska Indians, Aleuts, and Eskimos, and any Alaska Native Village, of the United States, which is considered an eligible recipient under the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450) or under the State and Local Fiscal Assistance Act of 1972 (31 U.S.C. 1221). Eligible recipients under the Indian Self-Determination and Education Assistance Act will be determined by the Bureau of Indian Affairs. Eligible recipients under the State and Local Fiscal Assistance Act of 1972 will be determined by the Department of Treasury, Office of Revenue Sharing. Data pertaining to such determinations of eligible recipients should be available ninety days to the beginning of each fiscal year.

24 C.F.R. § 571.3(0). Another HUD regulation, 24 C.F.R. § 571.4(b), states, in pertinent part, that "[o]nly Indian Tribes, as defined in these regulations under § 571.-3(0) may apply for funds provided under this Part.... HUD shall make grants only to eligible applicants."

Pursuant to these regulations it is defendants' position that they are required to do no more than determine if an applicant's name appears on either of two lists, one from the Bureau of Indian Affairs, and the other from the Department of Treasury, Office of Revenue Sharing, at least ninety days prior to the fiscal year. Because neither plaintiff's name appeared on either list until March 25, 1980, less than ninety days before fiscal 1980, HUD terminated the 1979 grant and refused to accept an application for fiscal year 1980 funding.

Plaintiffs argue that defendants' administration of this aspect of the program is unduly restrictive and contravenes the congressional purpose of the 1978 amendment to the Housing and Community Development Act of 1974 which, *inter alia*, enacted the definition of the term "Indian Tribe" here in controversy. In so arguing, plaintiffs rely on statements in the legislative history of this provision that indicate a purpose to broaden the eligibility of Indians for Housing and Community Development Act block grants, and on documents describing past HUD procedures that allowed applicants to qualify "off the lists."

The Housing and Community Development Amendments of 1978, P.L. 95–557, originated in the Senate as S. 3084. The Senate Report, in discussing the need for the provision here involved, contains the following language:

Section 701, as now enacted, does not expressly define "Indian tribal group or body." The current administrative definition for Indian tribes is based upon language contained in the Senate committee report on the Housing and Community Development Act of 1974, *and has disqualified many tribes in Oklahoma and other States.*

S.Rep.No. 871, 95th Cong., 2nd Sess. 26–27, *reprinted in* [1978] U.S.Code Cong. & Ad. News, pp. 4773, 4799 ·800. The then existing HUD procedure is set out in HUD Community Planning and Development Notice CPD 76 13, dated August 1976. Then as now Indian Applicants were deemed eligible if listed as eligible under either the State and Local Fiscal Assistance Act of 1972 or the Indian Self Determination and Education Assistance Act by the Departments of Treasury or Interior. But the procedures in force when Congress attempted to broaden the eligibility standards also contemplated the potential for qualifying "off the lists."

Section 2.b. of HUD Notice CPD 76–13, captioned "Questions Concerning Eligibility," reads as follows:

> Additional questions that may arise regarding applicant eligibility for Indian entities not included on these lists shall be forwarded to the Assistant Secretary for Community Planning and Development, Attention: Office of Policy Planning. Pertinent information and documentation which may be of assistance in reaching a determination of eligibility should accompany these questions.

The current practice of looking only at the lists clearly does not comply with the congressional intention of expanding Indian eligibility, and is in actuality a step in the other direction.

What is equally clear is that plaintiffs represent a legitimate Indian tribe. In the March 25, 1980 Federal Register the Department of Interior, Bureau of Indian Affairs published a "Determination for Federal Acknowledgment of the Grand Traverse Band of Ottawa and Chippewa Indians as an Indian Tribe." 45 Fed.Reg. 19322 (1980). The determination is a recognition of the fact that the Grand Traverse Band has existed as a tribe continuously since as early as 1675.

The fact that plaintiffs were awarded Grant # B–79–SR–26–2006 initially, and that the only reason given for the termination was based on alleged ineligibility, indicates that but for the unduly restrictive HUD regulations the grant would have continued. Because these regulations contravene the intent of Congress they are not entitled to enforcement. The grant should not have been terminated and it is HEREBY ORDERED that it be reinstated and funded by the defendants.

IT IS SO ORDERED.